IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

#2000945

JAY FOLSE,

    Plaintiff,

CIVIL ACTION NO.: 2:23-cv-00201

v.

AMERICAN ELECTRIC POWER SERVICE CORPORATION,

APPALACHIAN POWER COMPANY,

PHILLIPS & JORDAN ENVIRONMENTAL SERVICES LLC,

PHILLIPS AND JORDAN, INCORPRATED,

PHILLIPS AND JORDAN HOLDING, LLC,

    Defendants.

## COMPLAINT

1.    Plaintiff Jay Folse hereby sues the above-named Defendants for injunctive relief, trespass, conversion, property damage, and theft. The Defendants trespassed onto the Plaintiff's property and timbered several acres of trees with no permission or legal authority to do so.

## PARTIES

2.    Plaintiff Jay Folse is a resident of the State of West Virginia.

3.    Defendant American Electric Power Service Corporation is a foreign entity chartered in the State of New York.

4.    Defendant Appalachian Power Company is a foreign entity chartered in the State of Virginia.

5. Defendant Phillips & Jordan Environmental Services LLC is a foreign entity chartered in the State of Delaware.

6. Defendant Phillips and Jordan, incorporated is a foreign entity chartered in the State of North Carolina.

7. Defendant Phillips and Jordan Holding, LLC is a foreign entity chartered in the State of Delaware.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction under 28 U.S. Code § 1332 as the Defendants and Plaintiff reside in different states and the amount in controversy exceeds $75,000.

9. Venue is proper in this District pursuant to 28 USC § 1391(b)(2). A substantial part of the events giving rise to the claims in this action occurred in this District. Additionally, the subject property is situated in this District within Kanawha County, West Virginia.

## FACTS

10. On or about January 28, 2023 the Plaintiff heard chainsaw noises coming from his property located near Cross Lanes.

11. That property is described by the Kanawha County Assessor as being located in Union District, Map 22, Parcel 19 and containing 21.9 acres.

12. The Plaintiff drove to the part of the property where the chainsaw noises were coming from and observed men cutting trees down on his property.

13. The men were wearing clothing that identified them as employees of either Phillips & Jordan Environmental Services LLC, Phillips And Jordan, incorprated, or

Phillips And Jordan Holding, LLC (herein after referred to as Phillips and Jordan Defendants).

14. The employees stated to the Plaintiff that their employer had been contracted by the electric company, presumably either American Electric Power Service Corporation or Appalachian Power Company or both entities (herein after referred to collectively as APCO), to timber the land in order to install high voltage transmission wires.

15. The employees further stated that they were previously told by their boss that they did not have permission to enter on the Plaintiff's property.

16. The employee pointed to a survey marker with a pink ribbon on it which marks the boundary of my property while stating the above-mentioned comment to the Plaintiff.

17. The employee then stated to the Plaintiff that he was told by his boss the day prior to go ahead and timber the land even though they did not have permission from the property owner who is the Plaintiff.

18. The Plaintiff then spoke with an employee of APCO named Matthew Pauley.

19. Mr. Pauley stated to the Plaintiff that he was aware of him and the issue but further claimed that "You don't really own it."

20. The Plaintiff then spoke with another employee of APCO named Cari Lemon.

21. Ms. Lemon told the Plaintiff that she believed the property actually belonged to William Turner and that APCO had obtained an easement from him.

22. The Plaintiff called and spoke to Mr. Turner.

23. Mr. Turner told the Plaintiff that he purchased the land previously owned by the O'Connor family which includes the subject property.

24. The Plaintiff then sent an email giving a trespass notice to the Defendants on February 2, 2023.

25. The Plaintiff did further research and found that a deed was recorded which purported to transfer ownership of the property to Mr. Turner.

26. The Plaintiff's tax deed was filed subsequent to Mr. Turner's deed.

27. The Plaintiff also became aware of an easement granted to APCO by Mr. Turner.

28. That easement had a consideration of $26,802 which was declared within the recorded easement document.

29. That easement specified that over six acres of trees were timbered by the Defendants on the Plaintiff's property.

30. The easement is not valid and does not provide any authority to the Defendants to enter upon or timber the Plaintiff's land.

31. The easement was purportedly granted after the property was sold to the Plaintiff at the tax sale.

32. The subject property sold to the Plaintiff at the tax sale was not delinquent but rather non-entered.

33. The relevant part of WV Code §11A-3-62 states "If the property was sold for nonentry pursuant to section thirteen of this article, or escheated to the state, or is waste and unappropriated property, **the title shall relate back to the date of sale**." (emphasis added)

34.     The Defendants were aware that the easement was not valid for this reason but decided to timber the Plaintiff's land and begin construction with no permission or legal authority.

35.     The timber has been cut and removed from the Plaintiff's land by the Defendants.

## Count I – Trespass

36.     The Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 35 of this complaint, as if fully stated herein.

37.     To constitute a trespass under West Virginia law, "the defendant's conduct must result in an actual, nonconsensual invasion of the plaintiff's property, which interferes with the plaintiff's possession and use of that property." Rhodes v. E.I. du Pont de Nemours & Co., 636 F.3d 88, 96 (4th Cir. 2011)

38.     The Defendants acted individually and collectively to trespass on the Plaintiff's property.

39.     They did so by entering the Plaintiff's land with no legal authority to do so.

40.     The Defendants have interfered with the Plaintiff's possession and use of his property as it is currently being unlawfully possessed by the Defendants.

41.     The Defendants are using the Plaintiff's property as a laydown yard to store timber and equipment which interferes with the Plaintiff's use, enjoyment, and possession of the land.

42.     The Defendants have also considerably damaged the Plaintiff's land by disturbing the surface with heavy machinery and damaging the easement leading to his property.

## Count II – Conversion of Timber

43.     The Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 42 of this complaint, as if fully stated herein.

44.     The Defendants cut the timber off the Plaintiff's land which converted the timber into personal property. See Buskirk v. Sanders, 70 W. Va. 363, 73 S. E. 937 (1912) (holding that timber becomes personal property when severed)

45.     The Defendants have since sold, possessed, or used the Plaintiff's timber without the permission of the Plaintiff or any legal authority to do so.

46.     The Defendants' individual and collective actions constitute conversion.

## Count III – Ejectment

47.     The Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 46 of this complaint, as if fully stated herein.

48.     The Plaintiff previously held possession of the land which is currently being occupied and possessed by the Defendants.

49.     The Defendants at some time during the Plaintiff's possession unlawfully entered and possessed said land.

50.     The Plaintiff claims the property in fee simple.

51.     The Defendants have made differing claims as to their legal right to be on the Plaintiff's property. These reasons include the easement from Mr. Turner which is not valid as it was purportedly granted after the Plaintiff's purchase at the tax sale, claiming that the parcel is non-existent, and claiming that the Plaintiff actually purchased another parcel.

### Count IV – Declaratory Relief

52. The Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 51 of this complaint, as if fully stated herein.

53. The Plaintiff seeks declaratory relief that the easement signed by Mr. Turner purportedly granting an easement to APCO is not valid.

54. As previously stated, that easement was signed after the Plaintiff purchased the property at the tax sale.

### Count V – Injunctive Relief

55. The Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 54 of this complaint, as if fully stated herein.

56. The Defendants continue to enter upon the Plaintiff's land with no legal authority, using the land for storage, and unlawfully timbering the Plaintiff's timber.

57. The Plaintiff seeks injunctive relief to enjoin the Defendants from entering upon and using said property which is owned by the Plaintiff.

58. Additionally, the Plaintiff seeks injunctive relief to enjoin the Defendants from removing any timber from his property.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests the following relief:

A. Damages on all counts including but not limited to compensatory, punitive, statutory, actual, and economic damages in an amount greater than $75,000.

B. The Plaintiff asks this court to award him treble damages for timber pursuant to WV Code §61-3-48a.

C. Declaratory relief to declare that the easement signed by Mr. Turner is not valid.

D. Injunctive relief to enjoin the Defendants from their current actions on the Plaintiff's property.

E. Reasonable attorney fees which may be incurred and all other costs and fees associated with this action.

F. Any other relief the court may deem proper.

G. A **trial by Jury** on all issues so triable.

/s/ Jay Folse

4702 Eoff St
Wheeling, WV 26003
540-847-2213
Jayman1233@gmail.com