**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JAY FOLSE,

        Plaintiff,

v.                                          Case Number: 2:23-cv-00201

AMERICAN ELECTRIC POWER
SERVICE CORPORATION, et al.,

        Defendants.


## PROPOSED FINDINGS & RECOMMENDATION

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3.) Two motions are pending in this matter: the (1) *Motion to Dismiss for Failure to Join An Indispensable Party* filed by Defendants American Electric Power Service Corporation and Appalachian Power Company (together, the "AEP Defendants") (ECF No. 19); and the (2) *Motion for Preliminary Injunction* filed by Plaintiff Jay Folse ("Plaintiff"), who is proceeding without counsel in this civil action (ECF No. 28). For the reasons explained herein, it is respectfully **RECOMMENDED** that (1) the AEP Defendants' *Motion to Dismiss for Failure to Join An Indispensable Party* (ECF No. 19) be **GRANTED**; (2) Plaintiff's *Motion for Preliminary Injunction* (ECF No. 28) be **DENIED**; and (3) that this matter be dismissed from the Court's docket.

## I.    **BACKGROUND**

Plaintiff ("Plaintiff" or "Mr. Folse"), proceeding pro se, filed the operative *Amended Complaint* in this matter on April 19, 2023, naming two groups of Defendants. (ECF No. 16.) First, Plaintiff named two electric companies, Defendant American Electric Power Service Corporation and Defendant Appalachian Power Company (together, "the AEP Defendants"). *See id.* Second, Plaintiff named infrastructure contractor companies allegedly hired by the AEP Defendants to construct power lines: Phillips & Jordan Environmental Services, LLC; Phillips and Jordan, Incorporated; and Phillips & Jordan Holding, LLC (collectively, the "Phillips & Jordan Defendants"). *Id.*

Mr. Folse's *Amended Complaint* alleged that on January 28, 2023, he observed workers cutting trees down on his "property"—referring to a parcel of real property in West Virginia Plaintiff claims to have purchased via a tax sale (hereinafter, the "parcel"). (ECF No. 16 at 2.) The workers stated that "the electric company" contracted with them "to timber the land in order to install high voltage transmission wires." *Id.* at 3. According to Plaintiff, the workers "were previously told by their boss that they did not have permission to enter on the Plaintiff's property," but they were instructed "to go ahead and timber the land even though they did not have permission from the property owner who is the Plaintiff." *Id.* It is undisputed that the workers were employed by the Phillips & Jordan Defendants.[1]

---

[1] The Phillips & Jordan Defendants, together with Plaintiff, filed a joint *Motion for Entry of Agreed Order of Voluntary Dismissal* on October 13, 2023 (ECF No. 43). Therein, they informed the Court that they "have resolved each of the claims and potential claims Mr. Folse asserted or could have asserted against the Phillips & Jordan Defendants in this civil action, and accordingly jointly move this Court to dismiss Mr. Folse's Amended Complaint [ECF No. 16] as to the Phillips & Jordan Defendants." (ECF No. 43 at 1.) Accordingly, the Court entered an *Order* dismissing the Phillips & Jordan Defendants on December 12, 2023. (ECF No. 45.)

Plaintiff further alleged that he subsequently spoke with two of the AEP Defendants' employees, both of whom informed Plaintiff of their belief that he was not the owner of the parcel. *Id.* at 3-4. Plaintiff "sent an email giving a trespass notice to the Defendants on February 2, 2023." *Id.* at 4. Plaintiff conceded in his *Amended Complaint* "that a deed was recorded which purported to transfer ownership of the property to Mr. [William] Turner," and that Mr. Turner granted an easement to APCO permitting the timbering of "over six acres of trees" on the subject property in exchange for "$26,802, which was declared within the recorded easement document." *Id.* According to Plaintiff, "[t]he easement was purportedly granted after the property was sold to the Plaintiff at the tax sale." *Id.* Expounding upon this claim, Plaintiff asserted that "[t]he subject property sold to the Plaintiff at the tax sale was not delinquent but rather non-entered," and thus pursuant to his interpretation of West Virginia Code § 11A-3-62, Plaintiff concluded that "[t]he easement is not valid and does not provide any authority to the Defendants to enter upon or timber the Plaintiff's land." (ECF No. 16 at 4-5.) According to Plaintiff, "Defendants were aware that the easement was not valid for this reason but decided to timber the Plaintiff's land and begin construction with no permission or legal authority," and that as a result of these actions, "[t]he timber has been cut and removed from the Plaintiff's land by the Defendants." *Id.* at 5.

Based upon these allegations, Plaintiff asserted five "counts" in the *Amended Complaint*: trespass under West Virginia law (Count I); conversion of the property's timber under West Virginia law (Count II); ejectment under West Virginia Law (Count III); "declaratory relief that the easement signed by Mr. Turner purportedly granting an easement to [Defendants] is not valid" (Count IV); and "injunctive relief to enjoin the Defendants" from entering upon, using, or removing any timber from, the property at

issue. *Id.* at 7. On the last page of the *Amended Complaint*, Plaintiff set forth his prayer for relief; specifically, Plaintiff seeks "compensatory, punitive, statutory, actual, and economic damages in an amount greater than $75,000;" an award of "treble damages for timber pursuant to WV Code §61-3-48a;" as well as "[d]eclaratory relief to declare that the easement signed by Mr. Turner is not valid;" "injunctive relief to enjoin the Defendants from their current actions on the Plaintiff's property;" and "reasonable attorney fees which may be incurred and all other costs and fees associated with this action." *Id.* at 8.

On May 4, 2023, the AEP Defendants filed their *Motion to Dismiss for Failure to Join an Indispensable Party* pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure. (ECF No. 19.) Pursuant to Local Rule 7.1, Plaintiff was required to submit any response to the AEP Defendants' *Motion* on or before May 18, 2023. L.R. Civ. P. 7.1(a)(7). However, Plaintiff did not do so. On June 21, 2023—more than one and a half months later—Plaintiff filed a *Motion for Extension of Time* to submit his response. (ECF No. 21.) On June 22, 2023, the undersigned entered an *Order* granting Plaintiff leave to submit his *Response* (ECF No. 23) in opposition to the AEP Defendants' pending *Motion to Dismiss* (ECF No. 19). Importantly, the *Order* specifically stated that Plaintiff's response brief "**SHALL** be filed **and received by the Court** no later than **July 3, 2023**." *Id.* at 2. The *Order* also notified Plaintiff as follows, verbatim:

> Plaintiff is hereby **NOTIFIED** that future requests for extensions of time must be made prior to the deadline at issue, and, moving forward, Plaintiff's failure to file a timely response in compliance with Local Rule 7.1(a)(7) or an order of this Court may constitute an abandonment of his claims and result in the undersigned's recommendation to the presiding District Judge that this civil action be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(ECF No. 23 at 2-3.)[2] Once again, however, Plaintiff did not comply with the Court's July 3, 2023 deadline (*see* ECF No. 23 at 2); instead, Plaintiff finally submitted his *Response* opposing the AEP Defendants' *Motion to Dismiss* (ECF No. 24) on July 5, 2023—two days *after* Plaintiff's deadline for the Court to receive it. (ECF No. 23 at 2.) Plaintiff did not offer an explanation for his failure to meet the Court's deadline, and the AEP Defendants submitted a timely *Reply* brief on July 13, 2023. (ECF No. 27.)

Shortly thereafter on August 21, 2023, Plaintiff filed his pending *Motion for Preliminary Injunction*. (ECF No. 28.) The following day on August 22, 2023, the undersigned entered an *Order* setting forth a briefing schedule and setting the matter for an October 2, 2023 hearing before the undersigned.[3] (ECF No. 29.) On September 11, 2023, the AEP Defendants submitted a timely *Response* brief (ECF No. 35) opposing Plaintiff's *Motion for Preliminary Injunction*. Plaintiff did not submit a *Reply* brief, and his time to do so has expired pursuant to Rule 7.1(a)(7) of the Court's Local Rules of Civil

---

[2] The Court has notified Plaintiff on numerous occasions of his responsibility to comply with Court orders, the Federal Rules of Civil Procedure, and this Court's Local Rules, including the following notice included in the undersigned's March 16, 2023 *Order* permitting Plaintiff to file an *Amended Complaint*:

> the undersigned instructs Plaintiff that a litigant's pro se status does not alter application of the Local or Federal Rules of Civil Procedure to his filings. The Court's Pro Se Handbook expressly notifies pro se litigants that "[i]f you decide to proceed pro se, you will be responsible for learning about and following all the procedures that govern the court process." Pro Se Handbook, at § 2.3 p. 3-4. This means that pro se litigants "are responsible for becoming familiar with and following the Court's local rules and procedures . . . [including] read[ing] the Federal and Local Rules of Procedure and becom[ing] familiar with them." Id. at § 4 p. 11. Moreover, "[t]he Court may penalize a party or attorney for failing to comply with a law, rule or order . . . and pro se litigants are subject to the same sanctions as licensed attorneys." Id. at § 2.3 p. 4. Accordingly, Plaintiff is hereby **NOTIFIED** of his obligation to review and become familiar with the applicable procedural rules and the Court's Pro Se Handbook.

(ECF No. 4 at 6-7.)
[3] Six days later on August 28,, 2023, Plaintiff filed a motion (ECF No. 30) requesting that he be permitted to attend the hearing by video conference; however, the undersigned denied Plaintiff's request by a September 8, 2023 *Order*. (ECF No. 33.) Likewise on September 14, 2023, the undersigned denied Plaintiff's request for reconsideration. (ECF No. 39.) The reasons for the undersigned's ruling are set forth in extensive detail in the latter *Order*. *Id.*

Procedure.  Accordingly, both of the pending motions— the AEP Defendants' *Motion to Dismiss for Failure to Join an Indispensable Party* (ECF No. 19) and Plaintiff's *Motion for Preliminary Injunction* (ECF No. 28)—are now ripe for adjudication.

## II.    <u>DISCUSSION</u>

### A.    **AEP Defendants'** *Motion to Dismiss* **(ECF No. 19)**

The AEP Defendants assert that dismissal is proper pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure, which permits dismissal of an action for the plaintiff's failure to join a party who is "required" under Rule 19 under certain circumstances. See Fed. R. Civ. P. 12(b)(7). According to the AEP Defendants, Mr. William Turner ("Turner") is a required party under Rule 19 since he also claims to own the parcel, and because his joinder would destroy the Court's original subject-matter jurisdiction under 28 U.S.C. § 1332 based upon diversity of citizenship since he and Plaintiff are both West Virginia citizens. In response, Plaintiff argued that Turner is *not* a required party under Rule 19, and that Turner's joinder would give rise to original jurisdiction under § 1331 based upon a "federal question," and the Court may therefore exercise supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

The Court must utilize a two-step inquiry to determine whether the non-joined person is a "required" party under Rule 19. *See* Fed. R. Civ. P. 19. First, the Court must determine whether the "non-joined party is *necessary* under Rule 19(a)." *Gunvor SA v. Kayablian*, 948 F.3d 214, 218 (4th Cir. 2020) (citing *Nat'l Union Fire Ins. Co. v. Rite Aid of S.C., Inc.*, 210 F.3d 246, 249 (4th Cir. 2000)). A party is "necessary" when (1) the non-joined person claims an interest relating to the subject of the action, and (2) is so situated that disposing of the action in the person's absence may either (i) impair or impede the

6

non-joined person's ability to protect his or her interest, or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. *See* Fed. R. Civ. P. 19(a).

If the non-joined party is determined to be necessary at step one, the Court proceeds to the second step to determine whether the party "is also *indispensable* under Rule 19(b)." *Id*. Importantly, if the non-joined person is "required"—*i.e.*, is determined to be both necessary under Rule 19(a) *and* indispensable under Rule 19(b)—but joining the required person would destroy diversity jurisdiction under 28 U.S.C. § 1332, the court must dismiss the action. *Gunvor SA*, 948 F.3d at 219 (citing *Owens-Ill., Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999)).

### i.    Rule 19(a) Inquiry – "Necessary" Party

Turning to the first issue, Plaintiff argued in his untimely *Response* that, "[e]ven if [Mr. Turner] cannot be joined," Turner is not a "necessary" party pursuant to Rule 19(a); the basis for Plaintiff's conclusion is his opinion that Turner is merely a "former owner" of the parcel and thus "has no legal interest in the property or the matters of this case." (ECF No. 24 at 3, 7-8.) Plaintiff's conclusory statement is based upon his own interpretation and application of West Virginia Code § 11A-3-62; however, this is an insufficient factual and legal basis for finding that Turner is not a "necessary" party. Plaintiff's argument is legally insufficient because he failed to point to *any* case law supporting his interpretation or applying § 11A-3-62 under similar circumstances, and he failed to present *any* legal authority discussing this statute in the context of a Rule 19 determination or a Rule 12(b)(7) motion.

Similarly, Plaintiff's argument is factually insufficient because his conclusions—including that Turner is merely the "former owner" of the parcel—are all founded upon underlying facts that remain in dispute. Plaintiff's unsupported position also sidesteps the obvious: the legal owner of the parcel is not only in dispute, but it is *the central dispute* in this civil action and will directly impact Turner's ownership interest in the parcel. For instance, the AEP Defendants submitted the April 28, 2023 *Affidavit* of Mr. Turner, in which he directly disputed Plaintiff's factual allegations and stated, *inter alia*, that "I believe that I am the one true owner of the Tract. I do not consent to any legal action concerning the tract taking place without me." (ECF No. 19-1 at 1.) the AEP Defendants also submitted the *Affidavit* of John Barth, the Manager of Mapping in the Office of the Kanawha County Assessor, who attested that the parcel of real property at issue "should be (and now is) assessed in the name of William H. Turner" by the Kanawha County Assessor. (ECF No. 19-5.) Mr. Barth attested further that the tract "which was purportedly transferred to Jay Folse by delinquent tax deed . . . was not in fact a properly designated tract, but was merely an erroneous double assessment" of the subject parcel. *Id.*

Disputing the AEP Defendants' evidence, Plaintiff in turn submitted his own *Affidavit*, attesting *inter alia* that the parcel "is not a duplicate assessment," and that "[u]pon information and belief, Mr. Barth was in full agreement with me on the non-entered status of the property until he was approached by opposing counsel and asked to change his opinion." (ECF No. 24 at 23.) As a result, the ownership of the parcel is in direct dispute between Plaintiff and Turner; thus, at this stage of the proceedings, Plaintiff's conclusory statement that "Mr. Turner has no legal interest in the property" has not been established.

In fact, Plaintiff's arguments only serve to support a finding that Mr. Turner is indeed a "necessary" party pursuant to Rule 19(a)(1). As this Court has explained, "[w]hen a court proceeding directly affects or determines the scope of rights or interests in real property, any persons who claim an interest in the real property at issue" are required parties under Rule 19. *Johnson v. James B. Nutter & Co.*, 438 F. Supp. 3d 697, 708 (S.D. W. Va. 2020). Without a doubt, this civil action concerns the ownership interest of the parcel. A portion of the relief that Plaintiff expressly seeks in his *Amended Complaint* is a declaratory judgment finding that the easement signed by Mr. Turner is not valid. (ECF No. 16 at 8.) Granting Plaintiff's claim for a declaratory judgment, therefore, will determine the scope of the ownership rights over the parcel. This directly pertains to Turner's claim that he is the rightful owner of the parcel.

If the Court were to grant Plaintiff relief on this Count and declare the easement invalid, this declaratory judgment would necessarily find that Plaintiff, not Turner, is the parcel owner, and would deprive Mr. Turner of one of the "bundle" of rights by a property owner. Further, Plaintiff's argument that "[e]ven if the easement is declared invalid, nothing would be gained or lost by Mr. Turner," overlooks Turner's contractual agreement with the AEP Defendants and the thousands of dollars of consideration they paid to Turner on their undisputed belief that Turner is the owner of the parcel. (ECF No. 24 at 10.) Accordingly, the undersigned **FINDS** that Mr. Turner is a necessary party pursuant to Rule 19(a)(1) of the Federal Rules of Civil Procedure.

### ii.    Rule 19(b) Inquiry – "Indispensable" Party

Turning to the second issue, Plaintiff argued in his untimely *Response* that Mr. Turner "does not meet the criteria to be an indispensable party to this action" under Rule 19(b). (ECF No. 24 at 3, 7.)

When deciding if a party is indispensable, the Court must consider the following four factors:

1)    the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
2)    the extent to which any prejudice could be lessened or avoided by [the court];
3)    whether a judgment rendered in the person's absence would be adequate; and
4)    whether dismissal for nonjoinder will leave the plaintiff without an adequate remedy.

Fed. R. Civ. P. 19(b)(1-4), *see also, Nat'l Union Fire Ins. Co.*, 210 F.3d at 252-53. "When a court proceeding directly affects or determines the scope of rights or interests in real property," however, this Court has explained that "any persons who claim an interest in the real property at issue are indispensable parties to the proceeding." *Johnson v. James B. Nutter & Co.*, 438 F.Supp.3d 697, 708 (S.D. W. Va. 2020) (emphasis added). As set forth in relation to Rule 19(a), there can be no doubt that this proceeding will directly affect or determine the scope of rights or interests in the parcel.

Plaintiff's argument that Turner is not an indispensable party relies upon the same conclusion addressed in relation to the Rule 19(a) determination, *supra*—that "Mr. Turner is the former owner of the property which is subject of this suit," and therefore "Mr. Turner has no legal interest in the property and no interest in the matters of this legal action." (ECF No. 24 at 8.) Again, Plaintiff's conclusions are founded upon issues that remain in dispute in this matter. It is important to note that the undersigned does

*not* make any findings herein as to the truth of the parties' conflicting affidavits, nor determination of the ultimate question of who owns the parcel. (*See* ECF No. 24 at 14-15.) Determination of the parcel's disputed ownership status is not properly decided at this juncture; instead, the *existence* of this dispute merely informs the Court's Rule 19(a) and 19(b) determinations with respect to Turner's status as a required party. Because Mr. Turner claims an interest in the Turner Property, the undersigned **FINDS** that—just as this Court found in its 2020 decision in *Gunvor*, 948 F.3d at 218, Turner is categorically an indispensable party to this action.

### iii.    Subject-Matter Jurisdiction

Third and finally, because the undersigned's Rule 19 inquiry resulted in a finding that Mr. Turner is a required party, the final inquiry is whether Mr. Turner's joinder "would destroy subject matter jurisdiction." *Gunvor SA*, 948 F.3d at 218-219. If so, then "the court must dismiss the action." *Id.* Here, it is undisputed that, as Plaintiff conceded, "the original jurisdiction was founded solely on diversity jurisdiction." (ECF No. 24 at 6; *see also* ECF No. 27 at 7-8.) Nor does Plaintiff dispute the AEP Defendants' argument that, because he and Mr. Turner are both citizens of West Virginia, Turner's joinder would eliminate the Court's subject-matter jurisdiction over this civil action based upon "diversity of citizenship" under 28 U.S.C. § 1332. Instead, Plaintiff argued that Mr. Turner's joinder would *not* destroy the Court's original jurisdiction in this matter, pointing to the AEP Defendants' prior statement "that any judgment the Court might render in Mr. Turner's absence would be worse than inadequate, it would be an unconstitutional taking without due process of law" in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution. (ECF No. 24 at 4-5) (citing ECF No. 20

at 6.) Plaintiff appeared to reason that, because Turner might utilize § 1983 to challenge the validity of Plaintiff's tax deed as an unconstitutional taking, Turner's joinder would establish "federal question" jurisdiction under § 1331, and "this Court will still retain supplemental jurisdiction" over Plaintiff's state-law claims that are "not barred by any interest Mr. Turner is purported to have in this case." (ECF No. 24 at 3.) Plaintiff therefore concluded that dismissal pursuant to Rule 12(b)(7) was not appropriate.[4] *Id.*

Plaintiff's argument is founded upon a misapprehension of the standard for determining jurisdiction under § 1331. The "well-pleaded complaint rule" requires the Court to limit its inquiry solely to a plaintiff's complaint when determining whether it may properly exercise original subject-matter jurisdiction of a civil action under § 1331. *See Reed v. McDowell County Bd. of Educ.*, 976 F. Supp. 2d 838, 843 (S.D. W. Va. 2013) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of a federal question is determined by the well pleaded complaint rule.")). Because Plaintiff's claims are all based upon West Virginia tort law,[5] and Plaintiff's mere anticipation of a possible federal counterclaim by Turner is outside the scope of the operative *Amended Complaint*, the undersigned **FINDS** that § 1331 does not provide a basis for original jurisdiction[6] over this civil action.

---

[4] Plaintiff's *Response* also discusses the Rule 12(b)(6) motion filed by the Phillips & Jordan Defendants; however, because those Defendants were dismissed from this civil action on December 12, 2023 (ECF No. 45), the undersigned did not consider their motion for dismissal pursuant to Rule 12(b)(6).

[5] Plaintiff's claims for injunctive and declaratory relief do not confer subject-matter jurisdiction, as they each require an independent jurisdictional basis such as § 1331 or § 1332. *See Webb L. Firm PLLC v. Webb L. Firm PC*, 2:13-cv-21470, 2014 WL 4795159, at *4 (S.D. W. Va. Sept. 25, 2014) (citing *Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2001) (explaining that the federal Declaratory Judgment Act does not confer original subject-matter jurisdiction). *See also Eastchester Tobacco & Vape Inc. v. Town of Eastchester*, 618 F. Supp. 3d 155, 165 (S.D.N.Y. 2022) (explaining that Rule 65 of the Federal Rules of Civil Procedure, which governs injunctive relief, "also does not provide an independent basis for federal jurisdiction").

[6] Because there is no original jurisdiction with respect to any of the claims set forth in Plaintiff's *Amended Complaint*, Plaintiff's argument that the Court may exercise supplemental jurisdiction over his claims pursuant to 28 U.S.C. § 1367 also fails. The plain language of the statute limits a district court's exercise of

12

In summary, Mr. Turner is a required party pursuant to Rule 19. Because Plaintiff's *Amended Complaint* did not raise a federal question, there is no basis for original subject-matter jurisdiction under § 1331 in this civil action. Consequently, the sole basis for jurisdiction in this case is pursuant to diversity of citizenship under § 1332. Because it is undisputed that Turner's joinder would destroy the parties' diversity, this matter must therefore be dismissed pursuant to Rule 12(b)(7). Accordingly, the undersigned respectfully recommends that the AEP Defendants' *Motion to Dismiss for Failure to Join An Indispensable Party* (ECF No. 19) be **GRANTED**, and this civil action be dismissed from the Court's docket.

## B.    Plaintiff's *Motion for Preliminary Injunction* (ECF No. 28)

Turning to the second pending motion in this civil action, Plaintiff seeks a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure, enjoining the AEP Defendants from entering onto, and removing timber from, the subject parcel. (ECF No. 28.) In response, the AEP Defendants argued that Plaintiff is not entitled to any injunctive relief. (ECF No. 35.) Plaintiff did not submit a reply brief in response to the AEP Defendants' arguments.[7]

---

supplemental jurisdiction only to those civil actions in which "the district courts have original jurisdiction." 28 U.S.C. § 1367(a). As set forth above, Plaintiff has failed to demonstrate original jurisdiction—either by a "federal question" under 28 U.S.C. § 1331, or by "diversity of the parties" under § 1332, in the matter *sub judice*.

[7] While the undersigned originally set this matter for hearing for Plaintiff's benefit, as discussed in the December 2023 *Order* (ECF No. 44), the Court is not required to hold a hearing under the circumstances because the parties' briefing and documentary evidence was sufficient to make an informed ruling. *See Haberland v. Bulkeley*, 5:11-cv-463-D, 2012 WL 1564519, at *3 (E.D.N.C. May 2, 2012) (denying party's motion for a hearing on his preliminary injunction as unnecessary when all the parties had the opportunity to brief the relevant legal issues and submit pertinent evidence); *Campbell Soup Co. v. Giles*, 47 F.3d 467, 472 (1st Cir. 1995) (finding that, although an evidentiary hearing "would undoubtedly have been helpful," the federal district court did not abuse its discretion in failing to conduct a hearing on a motion for preliminary injunctive relief when the documentary evidence was sufficient to make an informed ruling). Additionally, as set forth *infra*, Plaintiff has since waived his appearance.

As the party seeking a preliminary injunction, Plaintiff has the burden to establish, by a "clear showing," four separate elements: first, that he is likely to succeed on the merits; second, that he is likely to suffer irreparable harm in the absence of preliminary relief; third, that the balance of equities tips in his favor; and finally, that "an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008)). "*All four elements* must be established by a 'clear showing' before the injunction will issue." *Imagine Medispa, LLC v. Transformations, Inc.*, 999 F. Supp. 2d 862, 868 (S.D. W. Va. 2014) (emphasis added).

Turning to the first of the four elements, Plaintiff is required to make a clear showing that he is likely to succeed on the merits. In his *Motion*, Plaintiff pointed to his tax deed as conclusive proof that he owns the parcel. However, the AEP Defendants submitted evidence that directly conflicts with Plaintiff's claim of ownership. As the AEP Defendants pointed out, nothing on the face of the tax deed, or elsewhere in the record, establishes that the parcel in question was conveyed to Plaintiff. (ECF No. 35 at 5) (citing ECF Nos. 35-2; 35-3.) Instead, the tax deed conveyed property vaguely described as being "21.9 AC M/L E of US Route 64 Rocky Fork (old Acct #0699934031985 belongs to 25-13-17 since 1986 (Union District)." In contrast, Mr. Turner's deed contains a detailed metes-and-bounds description of the parcel—as well as the full chain of title preceding Turner. (ECF No. 35-2 at 1.) Additionally, the property purportedly conveyed by Plaintiff's tax deed was described therein as being delinquent on taxes "for the tax year(s) 1986 to 2021." (ECF No. 35-3.) In contrast, the AEP Defendants submitted Kanawha County Property Tax Records demonstrating timely tax payments between 2010 and 2023—most of which fell within the time period identified in the tax deed. (*See* ECF No. 35-6.)

In light of the parties' conflicting evidence, Plaintiff's likelihood of success on the merits is not clear—particularly when the property identified in Turner's deed did not have any tax delinquency during the time period identified by Plaintiff's tax deed, and because Plaintiff's tax deed states that the property purchased by Plaintiff "returned delinquent in the name of Gillispie HH Est ETAL," who did not appear in the chain of title set forth by Turner's deed. Consequently, the undersigned **FINDS** that Plaintiff did not satisfy his burden to make a "clear showing" of success on the merits pursuant to the first of the four requisite elements. Furthermore, because Plaintiff is not entitled to an injunction unless he can establish *all four* elements, this finding precludes the relief Plaintiff seeks. *See Imagine Medispa, LLC*, 999 F. Supp. 2d at 868.

### C.    Failure to Prosecute

Independent of the merits of Plaintiff's *Motion for Preliminary Injunction* (ECF No. 28) or the AEP Defendants' *Motion to Dismiss* (ECF No. 19), dismissal is proper under the circumstances nonetheless. As set forth at length in the undersigned's prior *Orders* of March 16, 2023 (ECF No. 4); June 22, 2023 (ECF No. 23); October 6, 2023 (ECF No. 42); and December 11, 2023 (ECF No. 44), which are expressly incorporated herein by reference, Plaintiff has engaged in a pattern of ignoring or outright disobeying multiple orders of this Court—despite being expressly warned on numerous occasions of "the potential consequences of his continued failure to ignore applicable procedural rules and/or Court Orders," including dismissal for failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure. (*See also* ECF Nos. 22.) For instance, when Plaintiff once again filed a motion bearing an electronic signature on September 28, 2023 (ECF No. 40)—after being expressly instructed in a March 16, 2023 *Order* (ECF No. 4) that he did

not have leave of court to do so—the undersigned informed Plaintiff as follows: "**Plaintiff is hereby NOTIFIED for the LAST TIME that his continued failure to comply with an applicable procedural rule and/or an Order or express instruction of this Court WILL result in the undersigned's recommendations to the presiding district judge that this civil action be dismissed**[.]" (ECF No. 42 at 7.)

Despite these detailed and specific warnings, Plaintiff has once again directly disobeyed a court order. After the Court set a hearing on Plaintiff's *Motion for Preliminary Injunction*, Plaintiff filed a motion requesting permission to appear at the hearing telephonically. (ECF No. 30.) The undersigned denied the motion, on the grounds that, *inter alia*, Plaintiff did not provide the Court with sufficient "particulars" explaining why a telephonic was appropriate, and because "the undersigned believes that an in-person hearing would be more productive under the circumstances." (ECF No. 33 at 2.) Less than one week later, Plaintiff filed a frivolous *Motion to Reconsider*. (ECF No. 39.) The undersigned's extensive December 11, 2023 *Order* denied Plaintiff's *Motion to Reconsider*, and ordered him to file a Status Report "[o]n or before **Thursday, December 21, 2023**" informing the Court whether he "wishes to proceed with a hearing on his Motion for Preliminary Injunction, or to waive and proceed on the parties' briefs and attendant filings of record." (*See* ECF No. 44.)

In contravention of this *Order*, Plaintiff did not submit a Status Report by the December 21, 2023 deadline. As of the date of the instant *Proposed Findings and Recommendation*, Plaintiff has not made any additional filings whatsoever; nor has he otherwise offered any explanation for his failure to comply as directed. Consequently, in addition to the dismissal recommendation set forth above, the undersigned alternatively

recommends that this civil action be dismissed for Plaintiff's failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure.

## III.    RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that (1) the AEP Defendants' *Motion to Dismiss for Failure to Join An Indispensable Party* (ECF No. 19) be **GRANTED**; (2) Plaintiff's *Motion for Preliminary Injunction* (ECF No. 28) be **DENIED**; and (3) that this matter be dismissed from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown. A copy of any objections shall be provided to Judge Goodwin and to each opposing party, except that, if any opposing party is represented by counsel, that party's copy should be provided to his or her counsel.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985);

*Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this *Proposed Findings and Recommendation*, to mail a copy of the same to Plaintiff, and to transmit a copy to counsel of record via the Court's CM/ECF system.

ENTER:      February 22, 2024

Dwane L. Tinsley
United States Magistrate Judge