IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAY FOLSE,

          Plaintiff,

v.                                                                          CIVIL ACTION NO. 2:23-cv-00201

AMERICAN ELECTRIC POWER SERVICE
CORPORATION, et al.,

          Defendants.

ORDER

Pending before the court are two motions: (1) Defendants American Electric Power Service Corporation and Appalachian Power Company's (together, the "AEP Defendants") Motion to Dismiss for Failure to Join an Indispensable Party, [ECF No. 19], and (2) Plaintiff Jay Folse's Motion for Preliminary Injunction, [ECF No. 28]. Also pending is Plaintiff's Request for Extension of Time to Submit Objections, [ECF No. 49]. This action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636. On February 22, 2024, Magistrate Judge Tinsley submitted his Proposed Findings & Recommendations ("PF&R"), [ECF No. 48], and recommended that the court (1) **GRANT** the AEP Defendants' Motion to Dismiss; (2) **DENY** Plaintiff's Motion for a Preliminary Injunction; and (3) **DISMISS** this matter

from the court's docket. The deadline to file objections to the PF&R was March 11, 2024. None of the parties timely filed objections.

On March 14, 2024, Plaintiff filed a Request for Extension of Time to Submit Objections. [ECF No. 49]. For the following reasons, Plaintiff's Request is denied. Plaintiff has repeatedly failed to meet the deadlines set by this court. *See* [ECF Nos. 21, 24, 48, 49]. Because Plaintiff is proceeding *pro se*, the court has been very generous with Plaintiff's filings, and the documents he has filed in this case have been held to a less stringent standard than if they had been prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). I do note, however, that Plaintiff is a particularly experienced litigant and either knew or had reason to know of the deadlines imposed by the court as well as the penalties for failing to comply with those deadlines. *See, e.g.*, [ECF No. 49 ("Plaintiff is aware that in a previous order he was warned not to ask for an extension of time after the deadline has elapsed.")]. Moreover, Plaintiff has been advised on multiple occasions that his *pro se* status does not absolve him of his duty to comply with the Local and Federal Rules of Civil Procedure. *See, e.g.*, [ECF No. 4, at 5–7 ("Order to Show Cause")]; [ECF No. 23, at 2–3 (notifying Plaintiff that extension of time requests must be made prior to the deadline, and that Plaintiff must familiarize himself with the Federal and Local Rules)]; [ECF No. 42, at 2–7 (explaining how Plaintiff's compliance with the court's directives was "short-lived")]. He was previously warned by Magistrate Judge Tinsley of the possibility of sanctions for continued failures to comply with the applicable Rules and/or directions of the Court "<u>up to and including the finding that he is a</u>

<u>harassing and vexatious litigant subject to a pre-filing injunction pursuant 28 U.S.C. § 1651(a) and the Court's inherent authority to supervise and manage its own docket.</u>" [ECF No. 42, at 7 (emphasis in original)]. Because Plaintiff has continuously failed to meet deadlines and blatantly disobeyed court orders, his Request for Extension of Time to Submit Objections, [ECF No. 49], is **DENIED**.

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Because the parties have neither filed objections in this case nor timely requested extensions of time to file objections the court adopts and incorporates herein the PF&R and orders judgment consistent therewith. The court (1) **DENIES** Plaintiff's Motion for Extension of Time to File Objections, [ECF No. 49]; (2) **GRANTS** the AEP Defendants' Motion to Dismiss, [ECF No. 19]; (3) **DENIES** Plaintiff's Motion for a Preliminary Injunction, [ECF No. 28]; and (4) **DISMISSES** this matter from the court's docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 15, 2024

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE